IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stanley Seabrook Nelson, ) | C/A No. 0:07-3114-HFF-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Michael J. Astrue, Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC. The plaintiff, Stanley Seabrook Nelson ("Nelson"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB").

**ADMINISTRATIVE PROCEEDINGS**

On September 20, 2004, Nelson applied for DIB beginning March 1, 2004. Nelson's applications were denied initially and on reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). After a hearing held March 6, 2006, at which Nelson appeared and testified, the ALJ issued a decision dated December 20, 2006 denying benefits and finding that Nelson was not disabled as defined by the Social Security Act. Specifically, the ALJ found that although Nelson could not perform his past relevant work, the plaintiff could perform alternative work as a surveillance system monitor and as a coupon clerk. Nelson was forty-eight years old at the time of the ALJ's decision. He has

a high school education and has past relevant work experience as a police inspector, a security guard, and a medical clerk.

The ALJ found (Tr. 13-19):

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.

2.  The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 404.1520(b) and 404.1571).

3.  The claimant has the following severe impairments: degenerative disc disease of the lumbar and cervical spine with surgeries, carpal tunnel syndrome status post surgical release, and depression (20 CFR 404.1520(c)).

    . . . .

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

    . . . .

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift ten pounds occasionally, stand/walk two hours in an eight-hour workday, and sit six hours in an eight-hour workday, with a sit/stand option at will. The claimant cannot climb, crawl, or balance. The claimant can occasionally crouch, stoop, and kneel. The claimant can perform frequent fingering with his dominant hand. The claimant perform occasional overhead reaching with his dominant arm. The claimant should avoid exposure to hazards. The claimant can perform low stress work, with no more than occasional decision-making requirements and occasional changes in work setting.

    . . . .

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565).

    . . . .

7.  The claimant was born on January 26, 1958 and was 46 years old on the alleged disability onset date, which is defined as a younger individual 45-49 (20 CFR 404.1563).

PJG

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.  Transferability of job skills is not material to the determination of disability due to the claimant's age (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

. . . .

11. The claimant has not been under a "disability," as defined in the Social Security Act, from March 1, 2004 through the date of this decision (20 CFR 404.1520(g)).

On July 13, 2007, the Appeals Council denied Nelson's request for review, making the decision of the ALJ the final action of the Commissioner. Nelson filed this action on September 13, 2007.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

PJG

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and

(5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a prima facie case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42



U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Craig, 76 F.3d at 589.  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."  Craig, 76 F.3d at 589.  Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775.

## ISSUES

Nelson raises the following issues for this judicial review, alleging that the ALJ:

1. Violated social security ruling 02-01p by not properly considering plaintiff's obesity at every step of the sequential evaluation process;

2. Abused his discretion by not performing a proper listing analysis;

3. Failed to consider whether the plaintiff's combined impairments were of equal medical significance to a listed impairment; and

4. Did not give proper weight to the opinion of the plaintiff's treating physician.

(Pl.'s Br. at 1, Docket Entry 15.)

## DISCUSSION

A.   **Social Security Ruling 02-01p**

Nelson's first argument is based on Social Security Ruling ("SSR") 02-01p, which states that obesity is a medically determinable impairment that an ALJ must consider in evaluating disability, that the combined effects of obesity and other impairments can be greater than the effects of each single impairment considered individually, and that obesity must be considered when assessing residual functional capacity. Nelson contends that the ALJ erroneously failed to consider his obesity past Step 2 of the sequential evaluation. Specifically, he asserts that the ALJ disregarded section seven of SSR 02-01p, which states that obesity may exacerbate a claimant's other impairments such that they are medically equivalent to a listing.

Although the ALJ did not specifically reference SSR 02-01p and does not appear to have expressly examined the impact of Nelson's obesity on each of his other impairments, these omissions do not require a remand under the facts of this case. The ALJ discussed the evidence presented and why he found Nelson not disabled at Step 3. The burden rests on the claimant at Step 3 to establish that he meets a listing. Nelson has failed to point to any evidence in the record that would support a conclusion that Nelson's non-severe impairment of obesity exacerbated any of his other impairments to the point that any one is medically equivalent to a listing. See Bowen v. Yuckert, 482 U.S. 137, 146 (1987) (noting the claimant has the burden of showing that he has a medically severe impairment or combination of impairments and that the Act requires him to furnish medical evidence regarding his condition); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (stating that the burden of production and of proof is on the claimant to establish that he has an impairment



that meets or equals the requirements of a listing).   Any suggestion as to the impact that Nelson's obesity has on his other impairments is mere speculation, which is prohibited by SSR 02-01p.   SSR 02-01p provides:

> [W]e will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. We will evaluate each case based on the information in the case record.

2000 WL 628049, at *6.  Because of the dearth of evidence presented by Nelson at the hearing before the ALJ regarding the impact of his obesity on his other impairments, the court finds that reversal is not warranted on this ground.

**B.     Listing**

Next, Nelson challenges the ALJ's analysis of whether he meets a Listing.  "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria."  Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis added).  It is not enough that the impairments have the diagnosis of a listed impairment; the claimant must also meet the criteria found in the listing of that impairment.  20 C.F.R. § 404.1525(d); see Bowen, 482 U.S. at 146 (noting that the burden is on the claimant to establish that his impairment is disabling at Step 3) ; Hunter, 993 F.2d at 35 (same).  The Commissioner compares the symptoms, signs, and laboratory findings of the impairment, as shown in the medical evidence, with the medical criteria for the listed impairment.  The Commissioner can also determine that the claimant's impairments are medically equivalent to a listing, which occurs when an impairment is at least equal in severity and duration to the criteria of a listing.  20 C.F.R. § 404.1526(a).   There are three ways to establish medical equivalence:  (1) if the claimant has an impairment found in the Listings but does not exhibit



one or more of the findings specified in the particular listing or one of the findings is not as severe as specified in the particular listing, then equivalence will be found if the claimant has "other findings related to that impairment that are at least of equal medical significance to the required criteria"; (2) if the claimant has an impairment not described in the Listings but the findings related to the impairment are at least of equal medical significance to those of a particular listing; or (3) if the claimant has a combination of impairments and no singular impairment meets a particular listing but the findings related to the impairments are at least of equal medical significance to those of a listing. 20 C.F.R. § 404.1526(b). Finally, a claimant has to establish that there was a "twelve-month period . . . during which all of the criteria in the Listing of Impairments [were] met." DeLorme v. Sullivan, 924 F.2d 841, 847 (9th Cir. 1991) (finding that the claimant's back impairment did not meet the requirements of section 1.05C; remanded on other grounds). Nelson contends that the ALJ did not properly compare the criteria in the Listings to Nelson's symptoms and did not explain why Nelson's combined impairments did not medically equal a listed impairment. (Pl.'s Br., Docket Entry 15 at 15.)

After identifying the appropriate listed impairments, the ALJ "should then [compare] each of the listed criteria to the evidence of [the claimant's] symptoms." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). "Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination." Id. In this case, the ALJ identified "1.00 et seq., Musculoskeletal System and 12.00 et seq., Mental

Disorders" as the potentially applicable Listings.[1]  The ALJ then stated that "[d]espite his combined impairments, the medical evidence does not document listing level severity and no acceptable medical source statement has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination." (Tr. 16.)  The ALJ did not discuss the criteria of any of these Listings and did not compare Nelson's impairments, singly or in combination, to the criteria in any of these Listings.  The ALJ includes a discussion of Nelson's *mental* impairments from which a reviewing court could conclude that the ALJ considered each of Nelson's mental impairments and determined that he did not have the requisite functional limitations as required by 20 C.F.R. § 404.1520a(d)(2) to satisfy a Mental Disorders Listing.  However, the decision is devoid of any explanation of how the ALJ determined that Nelson did not meet the Musculoskeletal System Listings.  Accordingly, the ALJ in this case did not follow the Fourth Circuit's requirement to fully explain his listing determination. Without a statement of his reasons for finding that Nelson's impairments did not meet a listing, the court cannot review whether the ALJ's Step 3 determination was based on substantial evidence.  See Cook, 783 F.2d at 1172.  Accordingly, the decision must be remanded for that explanation.

---

[1]Listing 1.00 includes:  1.02, Major dysfunction of a joint(s); 1.03, Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint; 1.04, Disorders of the spine; 1.05, Amputation;1.06, Fracture of the femur, tibia, pelvis, or one or more of the tarsal bones; 1.07, Fracture of an upper extremity with nonunion of a fracture of the shaft of the humerus, radius, or ulna; 1.08, Soft tissue injury (e.g., burns) of an upper or lower extremity, trunk, or face and head.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00 et seq.
    Listing 12.00 includes nine diagnostic categories, each requiring consideration of the claimant's degree of functional limitation.



**C.     Treating Physician**

Nelson, relying on SSR 96-2p and 20 C.F.R. § 404.1527(d), contends that the ALJ did not give the proper weight to Nelson's treating physicians. Nelson specifically relies on the opinion of his treating physician, Dr. Joseph Marzluff, a neurosurgeon in Charleston. Nelson refers to progress notes (Docket Entry No. 15-2, at pages 3-7),[2] and treatment records from Dr. Marzluff, who performed three surgeries on Nelson: cervical discectomy and spinal fusion of C-4, C-5, and C-7 on April 29, 2004 (Tr. 568-572); a decompressive laminectomy on August 10, 2004 (Tr. 552); and a right carpal tunnel release on March 3, 2005. Nelson also relies on the award of disability by the Department of Veterans Affairs (Tr. 645-648).[3]

In response, the Commissioner contends that the ALJ did not discount the opinion of Dr. Marzluff, but "specifically incorporated Dr. Marzluff's opinion into his RFC assessment when he determined that Plaintiff was restricted to sedentary work with an at will sit/stand option." (Def.'s Br., Docket Entry 17 at 14.) The Commissioner also contends that the ALJ's conclusion is consistent with Nelson's testimony at the hearing that he could sit for twenty minutes and stand for ten to fifteen minutes before experiencing lower back pain (Tr. 676).

---

[2] The hearing transcript suggests that these progress notes were referenced by plaintiff's counsel and discussed at the hearing (Tr. 685-686), but they do not appear in the transcript of the administrative proceedings.

[3] As noted by the ALJ in his decision (Tr. 19), an award of benefits from the Department of Veterans Affairs in evaluating a service-connected impairment or injury is not binding on the Commissioner in determining whether a claimant can engage in substantial gainful activity. See, e.g., 20 C.F.R. § 404.1504 ("A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind.").



Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources, because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability.  See 20 C.F.R. § 404.1527(d)(2).  However, "the rule does not require that the testimony be given controlling weight."  Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). Rather, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list:  (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist."  Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527).  In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion.  Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

Here, the ALJ specifically gave Dr. Marzluff's opinion proper weight and found it "not altogether inconsistent with the record," incorporating Dr. Marzluff's limitations into his residual functional capacity assessment when he determined that Nelson could perform sedentary work with "a sit/stand option at will." (Tr. 20; 681.) Nelson's actual disagreement is with the ALJ's interpretation of the vocational expert's application of the restriction Dr. Marzluff imposed on Nelson. Nelson focuses on the fact that Dr. Marzluff determined that Nelson could not work at any job that "required prolonged sitting, standing, lifting, bending

or stooping,"[4] a restriction that the ALJ adopted in his residual functional capacity analysis. Thus, application of the treating physician rule is not the issue. Rather, Nelson's argument actually challenges the ALJ's interpretation of the vocational expert's testimony. (Tr. 680-81.) As the fact finder, the ALJ's conclusions regarding a witness's testimony are entitled to deference unless unsupported by substantial evidence. Craig, 76 F.3d at 589. Here, the ALJ's interpretation of the vocational expert's testimony is supported by substantial evidence.

Because nothing indicates that the opinion of Nelson's treating physician was not accorded proper weight, reversal on this ground is not warranted.

## RECOMMENDATION

The court concludes that the ALJ did not meet the requirements of Cook v. Heckler to specifically identify which Listings he applied and analyze each criterion. Accordingly, the court recommends remanding the case pursuant to sentence four of § 405(g) for that analysis.

*(signature)*

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 25, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[4]This statement is included in Dr. Marzluff's progress notes of August 23, 2004, which were part of the administrative record (Tr. 685-686) before the ALJ, although they do not appear in the transcript. The ALJ refers to these progress notes in his decision. (Tr. 20.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).