

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| STANLEY SEABROOK NELSON, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 0:07-3114-HFF-PJG |
| § | |
| MICHAEL J. ASTRUE, Commissioner of the § | |
| Social Security Administration, § | |
| Defendant. § | |

## ORDER

This is a Social Security action brought pursuant to 42 U.S.C. § 405(g). Plaintiff seeks to obtain judicial review of Defendant's decision denying his claim for Disability Insurance Benefits. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the case be remanded to Defendant pursuant to sentence four of § 405(g) for further proceedings. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 25, 2009, and Defendant filed his objections on March 4, 2009. Plaintiff failed to file any objections to the Report.

Defendant argues that, because "there is ample evidence that Plaintiff did not meet or equal a listed musculoskeletal impairment," (Objections 2), the Administrative Law Judge (ALJ) was not required to "explicitly identify the applicable listing or compare the listing criteria with the evidence of record." (Objections 1.) But, "[i]t is not within the province of a reviewing court to determine the weight of the evidence," *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)), and the Court strongly disagrees with those courts who appear to have held otherwise.

Although it is true that *Cook v. Heckler*, 783 F.2d 1168 (4th Cir. 1986), "does not establish an inflexible rule requiring an exhaustive point-by-point discussion in all cases," *Russell v. Chater*, 1995 WL 417576, at *3 (4th Cir. July 7, 1995), this Court is convinced that the ALJ's error in the instant matter requires remand. *Russell* appears to be limited to those circumstances in which it is perfectly clear to the reviewing court that substantial evidence supported the ALJ's decision and "the ALJ discussed the evidence in detail and amply explained the reasoning which supported [the] determination." *Id.* This case, however, does not present such a situation. Thus, finding the Magistrate Judge's recommendation to be the more judicious route, the Court will follow her suggestion and remand the case to Defendant for further proceedings.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendant's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that the case be **REMANDED** to Defendant pursuant to sentence four of § 405(g) for further proceedings.

**IT IS SO ORDERED**.

Signed this 19th day of March, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE
